1765.

## Draper ( 1 ) *verf.* Bicknell.

### (*From  Taunton.*)

### *Special Verdict.*

<div class="margin-note">

DRAPER
*v.*
BICKNELL.

Rec. 1765.
Fol. 304.

A Perfon returned as a Soldier upon the Alarm-Lift of a Military Company, and who receives a Notice from a Sergeant to appear at Mufter, is thereby rendered liable to the Penalty of the Law for Non-Attendance.

</div>

THE Queftion in this Cafe was, whether a Man, having been only on the Alarm-Lift for a Number of Years paft, could be from thence fo transferred by a general Warning from a Sergeant, or Notification, as to make him liable to the Penalty of the Law for Non-Attendance. (2)

*Mr. Otis.* Every man is prefumed, *prima Facie*, to be on the Train-Band-Lift. 'Tis for him to fhow himself exempted; the fpecial Verdict does not find any fuch Exemption. The Cafe is too plain to bear Argument.

*Mr.*

---

(1) In the MS. this cafe is entitled " *Clark* v. *Bicknall.*"   Draper was " Clerk " of the company.

(2) The fpecial verdict found as follows : —

" That in the year 1754, Japheth Bicknell, the plaintiff in review, was " returned to the Governour as a foldier upon the Alarm-Lift of the Third " Military Company in the town of Attleborough.  That afterwards, in " the year 1757, the faid Japheth was duly warned to appear as a trained " band foldier at what was called a little training, which preceded the " General Mufter of said Company, and alfo to appear at faid General " Mufter ; and that his name was called among the trained band fol-" diers at both training and General Mufter, and that he did not appear " at either.  They further find, that fome time before faid little training, " the Captain of faid Company declared that the faid Japheth fhould be " upon the trained band lift ; but whether fuch declaration was made " before faid warning or not, doth not appear.  And if, upon the " whole," &c.

The

*Mr. Trowbridge.* 'Tis found in the Verdict that Bicknell had been on the Alarm-Lift. Now, will fuch general Warning at once bring him into the Train-Band-Lift? This, I take it, would be extending the Power of Officers beyond all Bounds. In fuch Cafe no Man is fafe; for when a Man is on the Alarm-Lift, he is prefumed exempted from Training. Now, after this, how unjuft is it, by fuch a general Warning, to clap him on the Train-Lift and make him liable to fo heavy a Fine! It is putting it in the Power of every Officer to diftrefs his Neighbours, who from long legal Exemption have thought themfelves not liable to be transferred without *fpecial Notice;* and never was it till now pretended fuch Transfer could be made by fuch

general

---

The notification to appear, of which a copy is on file, is as follows : —

" Mr. Japheth Bicknell, —

" You, being a Training Soldier in the Company of Militia, under " the Command of Capt. John Stearns, are hereby required in his " Majefty's Name to appear at your Colours upon Tuefday the 22d of " March next, at the Meeting Houfe in the firft Precinct, at nine " o'clock in the Morning, on the fecond Beat of the Drum, with Arms " compleat, according to law; Whereof you are not to fail; it being " according to an Act of the Great and General Court or Affembly of " this Province requiring the fame upon a penalty of paying the Sum " of twenty Pounds for Non-Appearance.

" Attleborough, February 1757. JAMES PULLEN."

The act referred to was that of 1757 by which the Province provided for raifing 1800 men to ferve under Lord Loudoun againft the French; and the mufter, for non-attendance upon which fo heavy a fine was impofed, was held for the purpofe of raifing the above force, " either by inliftment or imprefs." It appears by the papers on file, that the abfent Bicknell was drawn for the expedition, but was afterwards excufed on account of being " blind with the right eye."

general Warning.   Your Honours will therefore be cautious how fuch an arbitrary and unjuft Precedent is made.

*Mr. Gridley.*  'Tis by Martial Law that every Perfon is obliged by fuch Warning to attend, unlefs exempted.   Some Exemptions are only temporary, and they have not shewn whether theirs is of this Kind or not.   If they abfent themfelves without being legally exempted, they muft bear the Confequences.

*Judgment for the Plaintiff.* (3)

---

(3) The action here reported appears by the record to have been " a plea of review of a plea of review of a plea of debt," — the fecond review " being authorized by an order of the Great and General Court."   The case seems to have been obftinately contefted through feveral years.   On the firft trial in the Inferior Court, the plaintiff had judgment.   The defendant appealed and fucceeded in obtaining a reverfal.   The plaintiff then brought his review, and obtained a fecond judgment.   The fubfequent hiftory of the cafe is recited as follows, in the defendant's petition for the order abovementioned :

——" Your petitioner manifeftly made appear to this Honourable " Court, by former petitions, the hardfhip of that judgment ; and it " appeared a fubject worthy the juftice of this Court to give him a new " trial.

" Accordingly, in the year 1761, the Honourable General Court " gave order for a new trial, and enabled your petitioner to bring a Writ " of Review for that purpofe.

" This writ being bro't to the Superiour Court in Taunton, A. D. " 1761, the defendant Draper pleaded in abatement thereto, that the " pet'r did not name his action, a plea of review of a plea of review, &c. — " for this exception the writ abated and the petitioner had new coft to " pay to the adverfe party.

" On reprefentation of this matter to this Honourable Court, the " petitioner obtained an order for another Writ of Review, and that " the merits of the caufe fhould be confidered and determined.   In this " writ the petitioner took care to amend the fault found with his laft

Writ,

" Writ, and named his plea, a plea of review of a plea of review of a plea " of debt ; and, Alas ! even fo he could not be right ; for it was objected " by motion that this Honourable Court's order authorized a writ of " review of the action of debt, but not a plea of review of a plea of re- " view, &c.   So, on this motion the Court difmiffed the writ and " ordered the petitioner to pay coft.

1765.

DRAPER
*v.*
BICKNELL.

" Wherefore, the petitioner humbly prays an order may pafs this " Court to enable him to bring forward a new writ of review," " and " that the merits of his caufe may be at laft determined."

The prayer of the petition was granted, and an order paffed, by virtue of which was iffued the prefent writ, to which the defendant again pleaded in abatement, " that if any order of the Great and General Court of this Province authorizes the plaintiff to bring this writ, a profert of ye copy of fuch order in Court is not fufficient, as in this writ, but fuch order and $y^e$ feffion wherein it paffed ought to have been particularly fet forth above, and that such order appears by record of $y^e$ fame Court." This plea, however, was overruled, and the cafe at laft went to trial, and refulted in the fpecial verdict and decifion above reported.